```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**GRACIE E. McBROOM,**

       Plaintiff,

  vs.                                Civil Action 2:14-cv-838
                                       Judge Watson
                                       Magistrate Judge King

**BANKERS LIFE AND CASUALTY
COMPANY,**

       Defendant.


                  REPORT AND RECOMMENDATION

     This matter is before the Court, upon a specific order of reference pursuant to 28 U.S.C. § 636(b)(1)(B), *see Order*, Doc. No. 12, for consideration of plaintiff's motion to remand, Doc. No. 7. Defendant opposes plaintiff's motion, *Defendant's Opposition to Remand*, Doc. No. 13, and plaintiff has filed a reply. Doc. Nos. 14, 15. For the reasons that follow, it is **RECOMMENDED** that plaintiff's motion to remand be **DENIED**.

## I. Background

     This action was originally filed in the Court of Common Pleas for Franklin County, Ohio, on June 13, 2014, and was removed to this Court on July 14, 2014, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *Notice of Removal*, Doc. No. 1. Plaintiff Gracie E. McBroom is identified as an individual residing in the State of Ohio. *Complaint*, Doc. No. 4, ¶ 1; *Amended Complaint*, Doc. No. 5, ¶ 1. The *Notice of Removal*, Doc. No. 1, asserts that defendant Bankers Life and Casualty Company is an Illinois corporation with its principal place of

business in Illinois.[1]  *Notice of Removal*, ¶ 7.  The *Complaint* and *Amended Complaint*[2] allege that plaintiff is the rightful beneficiary of two annuity policies issued by defendant that terminated or were surrendered in 2001 and 2006.  The *Complaint* asserts claims for breach of contract, *quantum meruit*, promissory estoppel, negligent misrepresentation, breach of the obligation of good faith and fair dealing, intentional infliction of emotional distress, and fraud.

**II. Standard**

Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending."  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)).  Federal courts are vested with "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)).  The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).  This standard requires the moving party to demonstrate by a preponderance of the evidence not only the diverse

---

[1] The *Complaint* and *Amended Complaint* allege that defendant is an Indiana corporation with its principal place of business in Indiana.  *Complaint*, ¶ 2; *Amended Complaint*, ¶ 2.

[2] The *Amended Complaint* appears to supplement, rather than replace, the *Complaint*.  Plaintiff indicates in her motion to remand that the *Amended Complaint* was filed to change the document's name to a "petition."  Doc. No. 7, p. 2.

2

citizenship of the parties but also that the jurisdictional amount has been met. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571-72 (6th Cir. 2001); *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010).

**III. Discussion**

Plaintiff argues that this action should be remanded to state court because the N*otice of Removal* was untimely, because the state court has jurisdiction, and because discovery had already commenced in state court at the time of removal. Plaintiff's arguments are not well taken.

First, defendant's *Notice of Removal* was not untimely. Ordinarily, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b)(1). Plaintiff filed this action on June 13, 2014, defendant received service of the *Complaint* on June 27, 2014, and defendant removed the action to this Court on July 14, 2014. *Notice of Removal*, ¶¶ 1, 3. Because defendant's N*otice of Removal* was filed within 30 days of service of process, removal of this action was timely.[3]

Second, plaintiff has not challenged defendant's contention that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Indeed, the *Complaint* alleges that the parties are citizens of different states and that the amount in controversy exceeds $1,000,000. *See Complaint*, ¶¶ 1, 2, 17-19. Plaintiff's claims are also premised on

---

[3] In any event, because July 13, 2014 fell on a Sunday, the *Notice of Removal* was filed within 30 days of the filing of the *Complaint*. *See* Fed. R. Civ. P. 6(a)(1)(C).

3

her being the rightful beneficiary of two annuities with benefits totaling $150,133.66.  *Id*. at ¶ 9.  The *Notice of Removal* and *Defendant's Opposition to Remand* also represent that plaintiff is a citizen of Ohio, defendant is a citizen of Illinois, and the amount in controversy exceeds the $75,000, exclusive of interest and costs.  *Notice of Removal*, ¶¶ 7-9; *Defendant's Opposition to Remand*, p. 2.  The Court therefore concludes that it is vested with subject matter jurisdiction under 28 U.S.C. § 1332.  *See Rogers*, 230 F.3d at 871 ("Federal courts are vested with "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.") (citing 28 U.S.C. § 1332(a)).

Finally, because removal of the action to this Court was proper, remand is not required merely because the state court may also have had concurrent jurisdiction over the action and discovery may have begun in that action.

It is therefore **RECOMMENDED** that plaintiff's motion to remand, Doc. No. 7, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


August 20, 2014                                  *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                           United States Magistrate Judge