UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gracie E. McBroom,

    Plaintiff,

    v.

Bankers Life and Casualty Company,

    Defendant.

Case No. 2:14–cv–838

Judge Michael H. Watson

## OPINION AND ORDER

Gracie E. McBroom ("Plaintiff"), appearing *pro se*, moves the Court for default judgment against Bankers Life and Casualty Company ("Defendant") and to remand this contract dispute. Mot. Default J., ECF No. 21; Mot. Remand, ECF No. 7. Magistrate Judge King issued a Report and Recommendation ("R&R") recommending the Court deny Plaintiff's motion to remand. R&R, ECF No. 16. Plaintiff objects to the R&R. Obj., ECF No. 19. For the following reasons, the Court denies Plaintiff's motion for default judgment and overrules Plaintiff's objections to the R&R concerning remand.

### I. FACTS

Plaintiff is a resident of Franklin County, Ohio. Defendant is an Illinois insurance company with its principal place of business in Chicago, Illinois. As such, Defendant is a citizen of Illinois.

Plaintiff alleges the following. In November of 1999, Clarence McBroom Sr. ("Clarence"), Plaintiff's father-in-law, purchased three annuity policies from Defendant: Policy No. 7645511, Policy No. 7691873, and Policy No. US 455361.[1] Plaintiff avers Clarence purchased the policies through attorney Marcia Meckler ("Meckler"), who Plaintiff says is Defendant's authorized agent.

Clarence at one time listed his son, Clarence O. McBroom, Jr. ("Junior"), as the beneficiary of at least Policy numbers 7645511 and 7691873. Plaintiff alleges, however, that Clarence changed the beneficiary of those policies from Junior to Plaintiff—apparently via an amendment to his will.[2] Plaintiff contends Meckler never forwarded the "amended policies" to Lori Willard ("Willard"), who also works at Defendant.

After Clarence died, Plaintiff called Meckler, whose secretary informed Plaintiff that although Junior's name was on Clarence's will, it did not mean that Junior was a beneficiary of the policies. Defendant nonetheless paid the proceeds of the policies to Junior rather than Plaintiff.

Plaintiff states that when she called to ask why she was not paid, she was told that the only way Junior could have received the money was if Plaintiff wrote a letter disclaiming herself as the beneficiary, which she says she did not do. Plaintiff therefore asked whether Defendant had a copy of any such letter and

---

[1] Plaintiff alleges elsewhere that Defendant informed her it did not issue Policy No. 455361, and her complaint does not seem to involve that policy.
[2] Plaintiff elsewhere states her name is on the Annuity Policy, See Mot. Limine & Obj. 2, ECF No. 19, but she has only provided a copy of the last will and testament.

was told it did. She says she was further told to contact the local branch office in order to obtain a copy of the letter.

Plaintiff says she later received a letter from Willard saying Defendant did not have a disclaimer from her but that she was never the beneficiary of Policy No. 7645511.

Plaintiff alleges Defendant destroyed or otherwise hid the amended policies which named her as beneficiary.

Defendant argues it issued two annuity policies. It contends Clarence was the annuitant/owner of one of the policies (Policy No. 7645511) and that its proceeds were paid out to the actual designated beneficiary, who was not Plaintiff, when Clarence died. Defendant avers the annuitant/owner of the second policy was Junior and that that annuity was paid in the form of a surrender at Junior's request. Defendant argues Plaintiff therefore never had any interest or rights under either annuity.

The benefits under the annuity policies amount to at least $150,133.66.

## II. STANDARD OF REVIEW

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

### III. ANALYSIS

Plaintiff sues Defendant for negligent misrepresentation, breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, fraud, quantum meruit, and promissory estoppel. This Opinion and Order concerns only Plaintiff's motion for default judgment and motion to remand.

### A. Motion for Default Judgment

Plaintiff moves for default judgment, arguing Defendant failed to answer or defend against her lawsuit. Mot. Default J. 1, ECF No. 21. She contends Defendant's Answer was not timely filed. *See Id.* Plaintiff states that the Clerk of Court for the Franklin County Court of Common Pleas served Defendant with notice of the state court lawsuit on June 13, 2014 via certified mail.[3] Plaintiff argues Defendant failed to answer her complaint within twenty-eight days of that day, excluding the day of service, and that she is therefore entitled to default judgment.

Magistrate Judge King has previously found that Defendant received service of the complaint on June 27, 2014. R&R 3, ECF No. 16. The action was then removed to federal court on July 14, 2014, R&R 3, ECF No. 16, and it is the Federal Rules of Civil Procedure, not the Ohio Rules of Civil Procedure, which

---

[3] As discussed below, Plaintiff elsewhere says the complaint was e-mailed to Defendant on June 13, 2014.

apply to actions in this Court after removal from state court.  Fed. R. Civ. P. 81(c)(1).

"A defendant who did not answer before removal must answer or present other defenses or objections . . . within the longest of these periods:" twenty-one days after receiving a copy of the initial pleading, twenty-one days after being served the summons for the initial pleading; or seven days after the notice of removal is filed.  Fed. R. Civ. P. 81(c)(2).  In this case, Defendant filed its Answer within seven days after the notice of removal was filed.  Answer, ECF No. 6.

Accordingly, Defendant's Answer was timely, and Plaintiff's motion for default judgment is denied.

## B. Motion to Remand

Plaintiff argues the case should be remanded because she filed it in Common Pleas Court and because discovery is ongoing in that court, as evidenced by the fact that she has subpoenaed Willard and Meckler.  She further argues removal was untimely and that the state court has jurisdiction over her case.

Defendant argues removal was timely and that this Court has jurisdiction over the case as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

The R&R recommended denying Plaintiff's motion to remand, finding the case was timely removed to federal court and that this Court has subject-matter

jurisdiction. The Court has reviewed the case *de novo* and agrees with the recommendation in the R&R.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, a state court civil action must be removed to federal court within thirty days of the defendant's receipt of the complaint, or within thirty days of the service of summons, if the complaint has then been filed in court and is not required to be served on the defendant. 28 U.S.C. § 1446(b)(1).

In this case, Plaintiff filed suit in the Franklin County Court of Common Pleas on June 13, 2014. As noted above, the parties dispute when Defendant received service of the complaint. Plaintiff argues the Clerk of Court emailed Plaintiff's complaint to Defendant on June 13, 2014. Defendant argues the complaint was first served on it on June 27, 2014. Regardless, the notice of removal was timely because it was filed within thirty days of service of the Complaint, and to the extent the Complaint was emailed on the day of filing, the notice of removal was filed within thirty days of June 13, 2014 because July 13, 2014 fell on a Sunday, see Fed. R. Civ. P. 6(a)(1)(C). Accordingly, removal was timely.

Further, there is complete diversity in this case. It is axiomatic that federal courts are courts of limited jurisdiction. *Freeland v. Liberty Mut. Fire Ins. Co.*,

632 F.3d 250, 255 (6th Cir. 2011). Congress has granted federal courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004).

Here, Plaintiff alleges she is an Ohio resident, and there is no reason to believe she is not an Ohio citizen. Defendant's Notice of Removal and the accompanying affidavit demonstrate it is an Illinois citizen. Hence, there is complete diversity.

Finally, Plaintiff's request for damages of more than $1,000,000 easily satisfies the amount in controversy requirement.

Plaintiff's contention that the state court also has subject matter jurisdiction and personal jurisdiction over Defendant does not affect *this Court's* independent jurisdiction. Likewise, Plaintiff's analysis of why Ohio's long-arm statute applies to Willard is inapplicable here. Willard is not a party to this suit, and Defendant does not contest this Court's personal jurisdiction.

Moreover, to the extent Plaintiff objects to the R&R based on the fact that Meckler has not adequately answered the subpoena, that the probate court listed Plaintiff as a vested beneficiary in Clarence's will, or that Meckler is an authorized agent of Defendant, those are not grounds for remand. Additionally,

Plaintiff will have an opportunity to conduct discovery in this Court, and the fact that discovery had begun in state court is not a proper ground for remand.

## IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for default judgment and overrules her objections to the R&R regarding remand. Accordingly, the Court adopts the R&R and denies Plaintiff's motion to remand. The Clerk shall remove ECF Nos. 7, 16, & 21 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**